## Baugh & Sons Co. *v.* Mitchell & Pierson, Appellants.

*Sale—Warranty—Affidavit of defence.*

In an action to recover the price of neats' foot oil sold and delivered to defendants, the affidavit of defence averred a warranty contained in a letter, the material portion of which was as follows: " We have referred your postal of the 29th inst. to our superintendent of the works who makes the following report: 'The neats' foot oil is guaranteed, and all made exactly the same way; no change in the way of chilling, pressing or bleaching for years.'" The postal referred to in the letter was not annexed to the affidavit of defence. *Held*, that the affidavit of defence was sufficient to prevent judgment.

Argued Jan. 23, 1895. Appeal, No. 187, July T., 1894, by defendants, from order of C. P. No. 4, Phila. Co., March T., 1894, No. 1136, making absolute a rule for judgment for want of a sufficient affidavit of defence. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Assumpsit for neats' foot oil sold and delivered.

Plaintiffs in their statement of claim averred that on December 5 and December 20, 1893, and January 5 and February 9, 1894, plaintiffs sold and delivered to defendants ice pressed neats' foot oil, 20°, amounting in value to $731.38, as appears by copies of book entries annexed hereto, and made part of this statement. Plaintiffs aver that defendants accepted the said oil and used it, but have, nevertheless, since such acceptance and user, brought a suit against the plaintiffs herein which is now pending in this court to March Term, 1894, No. 832, wherein they (the defendants herein) seek to recover from the plaintiffs herein damages for an alleged injury to them (the defendants herein) arising out of the alleged poor quality of the said oil. The said sum of $731.38 is now due and unpaid."

Defendants in their affidavit of defence averred that they are engaged "in the business of tanning and dressing the skins of goats and other animals, and for the purpose of their business use large quantities of neats' foot oil. That plaintiff, before and at the time of the purchase of the oil as set forth in the statement of claim filed, promised and warranted defendants in writing (a copy of which is hereto annexed), that said oil was and should be absolutely pure and free from adulter

ants of all and every kind, and relying upon this promise and warranty, defendants purchased said oil. That said oil was not pure and free from adulterants, but, on the contrary, was impure and adulterated. That said impurities and adulterations were not known to defendants, and could not have been known to them, until after the said oil was used upon the skins to be dressed. That twenty-nine hundred and forty-six (2946) dozen of goat skins were thus tanned with the said oil so purchased from, and for which suit is brought by, plaintiff. That in endeavoring to overcome the defects in certain of the skins caused by the impurities in said oil so purchased from the said plaintiff by defendants, the defendants actually paid out in cash, for extracting grease, the sum of $336.64; for scrubbing the said skins with benzine, $164.50; for reglazing said skins, the sum of $33.25, and for recoloring said skins the sum of $449.75, or a total of cash paid out of $786.39, by reason of said impurities and adulterations in the oil so purchased from plaintiff, and that these prices were the cheapest and lowest at which the same could be done. That, in addition thereto, the skins upon which said oil purchased from plaintiff was used were so much damaged by impurities that twelve hundred and ninety-three dozen of said skins are worth $2.00 less per dozen, or $2,585, than they would have been if the oil had been pure, and sixteen hundred and fifty-three dozen (1653) of said skins are worth $1.00 less per dozen, or $1,653, than they would have been if the said oil had been pure, as promised and represented. That previous to the bringing of said suit the defendants had brought suit in Court of Common Pleas, No. 4 of March Term, 1894, No. 832, to recover damages for the losses sustained by them as aforesaid, and said suit is pending and undetermined.

The following letters were annexed to the affidavit of defence:

## "BAUGH & SONS COMPANY.

"Manufacturers and importers. Office, 20 South Delaware Ave. Works, foot of Morris Street. Delaware River Chemical Works,

PHILADELPHIA, Oct. 23, 1893.

"Messrs. MITCHELL & PIERSON, 1012 Passyunk Ave., Philadelphia.

"*Gentlemen:* We are in receipt of your favor of the 21st

inst., and appreciate your kindness in informing us that you can do better than the price we are charging you for our twenty degree ice-pressed neats' foot oil. We can also sell a strictly pure ice-pressed neats' foot oil which will stand a cold test of thirty degrees for less money. We can furnish you with this article at 85 cts. per gallon, but we can make no abatement from the price of the oil which you have been getting which will stand a cold test of twenty degrees. We have not been able in the past to supply the demand we have had for our twenty degree cold test oil. Those of our customers who have tried cheaper oils and spoiled their leather have been only too glad to get back to our oil again. If you think the thirty degree oil will suit your purpose, we should be pleased to supply you, but for winter work, we do not recommend it.

"Very truly,        BAUGH & SONS COMPANY,
                    JOHN BARNARD, Treasurer."

## "BAUGH & SONS COMPANY.

"Manufacturers and importers. Office, 20 South Delaware Ave. Works, foot of Morris Street. Delaware River Chemical Works,

PHILADELPHIA, Dec. 30, 1893.

"Messrs. MITCHELL & PIERSON, 1012 Passyunk Ave., Philadelphia.

"*Gentlemen:* We have referred your postal of the 29th inst. to our superintendent of the works, who makes the following report:

"'The Neats' Foot Oil is guaranteed, and all made exactly the same way; no change in the way of chilling, pressing or bleaching for years.'

"You will see from the above that we have made no change in our process, and as the material we use is precisely the same, we cannot account for this difference in the working of the last lot of oil shipped you. The trouble must have arisen from some other cause as we have no complaints from other parties who are using the same oil.

"Yours truly,        BAUGH & SONS COMPANY,
                     JOHN BARNARD, Treasurer."

The court made absolute a rule for judgment for want of a sufficient affidavit of defence.

*Error assigned* was above order.

*Henry J. Scott*, for appellants.—The present case is the converse of Railroad v. Davenport, 154 Pa. 111. Here defendants brought the suit first. If there be two suits pending, it is through no fault of defendants. Whatever force there may be in the decision of Railroad v. Davenport, it applies to the plaintiff and not to defendants. Plaintiff falls directly within its ruling.

Where goods are bought for a special purpose, and are expressly warranted to be such as are suitable for the purpose, a breach of the warranty is a good defence to an action for the price : Badger v. McKay, 9 W. N. C. 528 ; Lehigh Coal Co. v. Link, 1 W. N. C. 102; Nagle v. Potter, 3 W. N. C. 26 ; Bacon v. Scott, 154 Pa. 250.

Even before the act of April 13, 1887, P. L. 21, a stipulation that future deliveries will equal the sample, may become a term of the contract and be enforced as such. It is then unnecessary to determine whether the stipulation is a warranty or a condition : West Republic Mining Co. v. Jones, 108 Pa. 55 ; Warren v. Phila. Coal Co., 83 Pa. 437 ; Scheppers v. Stewart, 11 W. N. C. 106 ; Lee & Bro. v. Baylie, 12 Cent. Rep. 716 ; Shaw v. Fleming, 11 Cent. Rep. 620 ; Kaufman v. Cooper Iron Co., 105 Pa. 537.

*Albert B. Weimer*, *Charles H. Bannard* and *Frederick M. Leonard* with him, for appellee.—There is no warranty contained in the letter of October 23, 1893, annexed to defendant's affidavit of defence. There is no averment of equality, and the statement that the oil " will stand a cold test of twenty degrees " is not denied in the affidavit of defence. There is no averment that the oil was sold for a particular purpose, or that plaintiff knew for what purpose the oil was to be used : Port Carbon Iron Co. v. Grove, 68 Pa. 149 ; Connett v. Brooks, 11 W. N. C. 283 ; Roebling v. Brown, 9 W. N. C. 170 ; Shisler v. Baxter, 109 Pa. 443 ; Macbeth v. Lee & Co., 5 Pa. C. C. 225 ; Whitaker v. Eastwick, 75 Pa. 229.

. In Scheppers v. Stewart, 11 W. N. C. 106, there were actual misrepresentations by plaintiff's salesman. In the present case there was no misrepresentation whatever. The only representation made was that the oil would stand a cold test of twenty degrees. Defendant does not assert that this representation was untrue.

In Lee & Bro. v. Baylie, 12 Cent. Rep. 716, there was an unqualified warranty that the implements for which suit was brought were perfect.

Shaw v. Fleming, 11 Cent. Rep. 620, was a "Sample" case and has no bearing on the case at bar.

In Kaufman v. Cooper Iron Co., 105 Pa. 537, there was no express warranty of quality and that the iron should be fit for a particular purpose.

Defendants cannot set up in their affidavit of defence as a set-off the identical claim which they have already used as grounds for damages in an action of trespass against the plaintiff. They cannot have two suits pending at the same time for the same cause of action : Pennsylvania R. R. v. Davenport, 154 Pa. 111.


OPINION BY MR. JUSTICE GREEN, March 11, 1895 :

The plaintiffs' claim is upon an ordinary book account for the sale of a quantity of 20 degrees Neats' Foot Oil. The affidavit of defence alleges that the oil was warranted to be pure and free from adulterants, and then asserts that the oil sold was not free from adulterants but on the contrary was impure and adulterated, and that the defendants had sustained heavy losses in consequence of the defects of the oil. The learned court below, it is alleged by the appellants, gave judgment for the plaintiffs because there was no warranty disclosed by the affidavit of defence. It is true that the letter of plaintiffs dated Dec. 30, 1892, and which contains a copy of the warranty, does not describe a warranty in the same terms as the affidavit of defence alleges, but it does contain an acknowledgment of the receipt of a postal card from the defendants dated Dec. 29th, and a reference of the postal to the plaintiffs' superintendent who reported that, "The Neats' Foot Oil is guaranteed and all made exactly the same way ; no change in the way of chilling, pressing or bleaching for years." The defend-

ants' postal of Dec. 29th, is not now in the case, and without it the full interpretation of the meaning of the plaintiffs' letter is not certain. We cannot know at present what the contents of the defendants' letter were, and we think it is premature to declare judicially the meaning of the plaintiffs' letter until the contents of the defendants' postal are seen as they doubtless will be on the trial. We think it apparent that there, at least, might be a warranty which would sustain the defendants' contention. The plaintiffs' letter of Dec. 30, certainly does contain an admission that there was a 'guarantee' which may be a warranty, and that all the Neats' Foot Oil sold to the defendants was made in " exactly the same way, no change in the way of chilling, pressing, or bleaching for years." Just what this means may depend upon explanatory parol testimony as to the previous dealings of the parties. We think there is sufficient matter in the affidavit of defence to carry the case to the jury. We do not think the case of Pa. R. R. Co. v. Davenport, 154 Pa. 111, rules this case. The question raised there was in different circumstances.

Judgment reversed and procedendo awarded.